UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:15-cr-0003-DLB-1

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

V.                                        MAGISTRATE JUDGE'S
                              REPORT AND RECOMMENDATION
                                          AND ORDER

TONDA CLICK,                                                               DEFENDANT.

*** *** *** ***

This matter came before the Court for a final revocation hearing on January 14, 2016, as a result of a Probation Violation Report dated December 22, 2015.. The report outlines two (2) alleged violations of the terms of Defendant's probation.   At the final hearing, Ms. Click was present and represented by appointed counsel, Jeremy Clark, and the United States by and through Assistant United States Attorney David Marye.

As established and particularly detailed on the record, the Court informed Defendant of her right to have this hearing in the presence of a United States District Judge.  The Defendant personally consented to the hearing before a United States Magistrate Judge.  Defendant further consented to the Magistrate Judge accepting the plea, conditioned upon proper findings under Rule 11.  The consent occurred orally and in writing and was under oath.  The consent was knowing, voluntary, and intelligent and occurred with counsel's advice.  The United States had no objection to so proceeding.

The Court placed Defendant under oath and performed the full colloquy as required by Rule 11.  As set forth in the record, after said colloquy, the Court found Defendant competent to plead guilty to the alleged probation violations.  Additionally, after advising Defendant of all

applicable rights, including the nature of the charges and all potential penalties applicable to all charges at issue, as well as the sentencing process, the Court further found that Defendant pled guilty in a knowing, voluntary, and intelligent fashion.  Further, an independent factual basis supported the plea as to each essential offense element for the applicable charges.  The Court covered all areas and confirmed Defendant's understanding of all matters required  in the context by Rule 11, the criminal rules, and the United States Constitution.

Ms. Click pled guilty to both violations in this matter, and upon an understanding that the undersigned would likely recommend modification of her conditions of probation, waived her right of allocution before a United States District Judge.  There was no agreement between the United States and the Defendant on a recommended sentence.  The United States and the Defendant recommended a sentence of modifying her conditions, but ultimately deferred to the Court's discretion. The matter now stands submitted for a recommendation from the undersigned.  For the reasons that follow, the undersigned will recommend that Ms. Click be found guilty of Violations 1 and 2, based on her stipulation, and that the Court MODIFY her conditions of probation as more fully explained below.

## **FINDINGS OF FACT**

At the hearing on January 14, 2016, Ms. Click admitted to the accuracy of all factual information contained in the violation report, and further admitted to the two violations of her probation.  Specifically, Click admitted that she drank alcohol and, while under the influence of alcohol, operated a vehicle. The stipulated conduct establishes, by a preponderance of the evidence, that the Defendant has violated the following conditions of her probation:

(1) Special Condition of Supervision: The Defendant will abstain from the use of alcohol; and   (2) Supervised Release Condition: The Defendant shall not commit another federal, state or local crime.

## RECOMMENDATION

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i)   The nature and circumstances of the offense.  In the instant matter, the Defendant stipulated to drinking vodka, beginning around 2:00 p.m. on December 10, 2015, and subsequently operating a motor vehicle while under the influence of alcohol.  It is also important to note that during the violation Click was involved in a motor vehicle collision, after which she drove a short distance, but was located by an off duty officer.  She was, as a consequence, arrested.  A blood alcohol analysis revealed Click to have a .192 blood/alcohol level.  The two charged violations constitute Grade C violations of her conditions of probation.

(ii)   The history and characteristics of the defendant.  In the violation report, the supervising officer recounts that Click is possessed of certain positive qualities, including serving as a primary caretaker for her mother, maintaining self-employment, and a conscientious personality.  However, the record in the matter reveals that on January 20, 2015, the Defendant was sentenced to five years probation following a plea of guilty to Use of a Telephone to Facilitate the Commission of a Drug Felony in violation of Title 21 U.S.C. § 843(b).  Transfer of Jurisdiction was accepted by the Eastern District of Kentucky on February 2, 2015.   On August 17, 2015, Click committed one prior violation of her conditions of probation by operating a

motor vehicle under the influence of alcohol, and her conditions were modified to require her to serve 4 weekends of confinement, and alcohol monitoring.

(iii)   The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant. The Court notes that the parties do not agree on a recommended sentence. However, the events to which Click admits require action by the Court in order to require compliance with the conditions of probation.   At the same time, however, the Court is aware of mitigating factors that weigh against incarceration at this juncture, including the fact that Click is gainfully employed and is able to care for an elderly relative.  In addition, her rapport with her probation officer is positive, and Click expresses a sincere desire to comply with the Court's conditions. Considering the Defendant's criminal history category of II, the instant violations, the history of one past violation due to similar conduct, and her personal history, the Court finds that the conditions of her probation should be MODIFIED to require installation and use of a TRANS-DERMAL ALCOHOL MONITOR WITH LOCATION MONITORING, effective immediately, and that the undersigned should conduct a review hearing on THURSDAY, MAY 19, 2016, to conduct a status inquiry into the Defendant's compliance with the terms of her probation.   Under the required statutory factors, the Court believes that the recommended sentence is reasonable and sufficient to address the concerns embodied in 18 U.S.C. § 3553.  However, the Defendant must understand that further violations will not be viewed favorably by the Court and will likely be met with harsh penalties.

(iv)  The sentencing guideline recommendation for imprisonment and statutory limitations.  As this is a matter of violations of the conditions of Probation, the Court has the

4

option to revoke the Defendant's probation and may re-sentence her under the penalties that were applicable at the time of her initial sentence. See 18 U.S.C. 3565(a)(2).  In which case, the maximum term of imprisonment is four years, pursuant to 21 U.S.C. § 843(d), and the recommended guideline range is for a period of incarceration between 21 to 27 months, based upon an offense level of 15, and a category II criminal history.  In the alternative, the Court is presented with the option of continuing her on probation, with or without extending the term or modifying or enlarging the conditions of supervision.  Under this alternative, as the most serious of Click's violations is a Grade C violation, and considering her category II criminal history, the guideline range of imprisonment is 4 to 10 months.   The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1)  That the Defendant be found to have committed Violations 1 and 2 as outlined in the report of December 22, 2015;

(2) That the Defendant's conditions of probation be MODIFIED to require Tonda Click to wear a trans-dermal alcohol monitor with location monitoring.

Further, IT IS ORDERED that this matter come before the undersigned on **Thursday, May 19, 2016**, at the hour of 10:00 a.m., for a HEARING to monitor the Defendant's compliance with the conditions of probation.  Defense counsel's appointment shall continue for that appearance.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.   United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc.,

236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed January 20, 2016.

Signed By:

*Edward B. Atkins*  ξβⱠ

**United States Magistrate Judge**